SUMMARY ORDER

Petitioner Tong Jiang You, a native and citizen of the People’s Republic of China, seeks review of a June 27, 2008 order of the BIA affirming the August 16, 2006 decision of Immigration Judge (“IJ”) Robert Weisel denying You’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re You, No. A 97 949 840 (B.I.A. June 27, 2008), aff'g No. A 97 949 840 (Immig. Ct. N.Y. City Aug. 16, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision in some respects but not others, this Court reviews the IJ’s decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99,110 (2d Cir.2008).
As an initial matter, because You failed to raise before the BIA any claim based on his membership in a particular social group, we decline to consider this unex-hausted issue. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007). Additionally, because You fails to challenge the agency’s denial of CAT relief in his brief to this Court, we deem any such challenge waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
The IJ denied You’s application for asylum and withholding of removal because he failed to demonstrate a nexus between the harm he feared and his political opinion (either actual or imputed) or any other permissible basis. See 8 U.S.C. §§ 1101(a)(42), 1231. Even assuming that You held the political opinion he asserts— that he opposes class structures separating government officials from other individuals — he still had to demonstrate that the alleged persecutors sought to harm him because of that opinion. See INS v. Elias-Zacarias, 502 U.S. 478, 482-83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Here, substantial evidence supports the agency’s finding that he did not make such a show *74 ing. You testified that the police chief sought to have him arrested because he did not want You to marry his daughter given his “poor family background.” Although You argues that the police chief could have perceived that You had a political opinion antithetical to the Chinese governing “class,” he points to no evidence indicating that the police chief imputed such opinion to him. You’s own testimony indicates that the police chief was motivated by his own opinion that You was not an appropriate marital match for his daughter.
Because substantial evidence supports the agency’s finding that You failed to demonstrate a nexus between his asserted fear and a protected ground, the agency properly denied his application for asylum and withholding of removal.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.